IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN TODD SLOAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:19-cv-227 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| BOP, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Pending before the Court[1] is a petition for a writ of habeas corpus [ECF No. 1] filed by former federal prisoner Alan Todd Sloan ("Petitioner") under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition as moot.

**I.**

In 2004, the United States District Court for the Eastern District of North Carolina sentenced Petitioner to a term of 188 months of imprisonment to be followed by three years of supervised release. The Federal Bureau of Prison ("BOP") is the agency responsible for implementing and applying federal law concerning the computation of federal sentences. See, e.g., United States v. Wilson, 503 U.S. 329 (1992). It determined that Petitioner's federal sentence would expire on May 13, 2019.

On December 28, 2018, Congress passed the the First Step Act of 2018 ("First Step Act"), Publ. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act altered the method by which the BOP must calculate the Good Conduct Time ("GCT") credits for federal inmates.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

On March 1, 2019, the Clerk of Court received and docketed Petitioner's § 2241 habeas petition. Section 2241 provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). It confers subject matter jurisdiction upon a federal prisoner's custodial court to hear challenges to the BOP's "execution of" the prisoner's sentence. See, e.g., Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "to 'put into effect' or 'carry out.'"); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner claimed that he was entitled to an additional 110 days of GCT under the First Step Act and that, therefore, the BOP's calculation of his release date was incorrect. As relief, he sought an order from the Court directing the BOP to immediately release him from its custody.

The BOP filed its answer [ECF No. 13] on April 24, 2019, in which it asserted that the Court should dismiss the petition because Petitioner did not exhaust his administrative remedies and/or because the pertinent parts of the First Step Act had not yet taken effect and, therefore, Petitioner's claim is not ripe for review. Petitioner had 30 days, until May 24, 2019, to file a reply. LCvR 2241.D.2. He did not file one. By that date, the BOP had released him from its custody[2] because he had served his term of incarceration as calculated under the pre-First Step Act statute. Petitioner's failure to file a reply and to update his address of record[3] indicates to the Court that he no longer wishes to continue litigating this case. In any event, because the BOP

---

[2] The Court takes judicial notice of the information contained on the BOP's official Inmate Locator, which records that Petitioner was released from BOP custody on May 13, 2019.

[3] When Petitioner filed his petition with this Court, he was housed at a residential reentry center located within the territorial boundaries of the Western District of Pennsylvania. Not long thereafter, the BOP transferred him to the Federal Correctional Institution ("FCI") Gilmer, which is located in Glenville, West Virginia. At that time, Petitioner filed the appropriate notice of change of address, and the Clerk of Court updated his address of record. Petitioner has not filed anything with the Court since the BOP released him from its custody. His address of record remains FCI Gilmer because he did not update it.

2

released him from custody on May 13, 2019, his petition is moot and the Court must dismiss it for that reason.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-51 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-48; Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013).[4]

In this case, Petitioner's requested relief was an order from the Court directing the BOP to immediately release him. The BOP released him on May 13, 2019. As a result, there is no longer any case or controversy before the Court and, therefore, this case is moot. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.")

---

[4] Courts often will "presume that a wrongful criminal conviction has continuing collateral consequences[.]" Spencer, 523 U.S. at 7-8. However, in case such as this, where the petitioner is challenging *the length of his sentence*, not the *lawfulness of his conviction*, collateral consequences are not presumed. Burkey, 556 F.3d at 148; id. at 148-51 (rejecting the petitioner's argument that the delayed commencement of his term of supervised release was a collateral injury that likely could be redressed by a favorable judicial decision in his § 2241 habeas case).

3

## II.

For the foregoing reasons, the Court will dismiss the petition for a writ of habeas corpus with prejudice because it is moot.

An appropriate Order follows.[5]

Date: June 24, 2019

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[5] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012). Accordingly, the Court makes no certificate of appealability determination in this matter.